IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

TARIK JAAFAR,            )
                         )
*Plaintiff,*             )
                         )
v.                       )   Civ. Action No. 1:24-cv-01714-MSN-LRVVAED
                         )
GREEN, ET AL.,           )
                         )
*Defendants.*            )

**PLAINTIFF'S SUR-REPLY IN OPPOSITION TO
DEFENDANTS' REPLY MEMORANDUM**

Plaintiff, Dr. Tarik Jaafar, proceeding pro se, respectfully submits this Sur-Reply in Opposition to Defendants' Reply Memorandum in support of their Motion to Dismiss.

## INTRODUCTION

Defendants' reply does not remedy the deficiencies identified in Plaintiff's Response. Instead, it misstates facts, mischaracterizes Plaintiff's pleadings, relies on incorrect references apparently drawn from another case, and reiterates arguments—failure to state a claim and qualified immunity—that are premature and legally unsound at the pleading stage. Taken as a whole, Defendants' reply underscores why dismissal now before discovery would be improper and inconsistent with governing precedent.

## ARGUMENT

### I. Plaintiff Has Stated Cognizable Constitutional Claims

Defendants repeatedly assert that Plaintiff "failed to state a cognizable claim." That assertion is incorrect.

Plaintiff alleges prolonged restraint-chair use, denial of medical care despite knowledge of disabilities and medical conditions, and wrongful confinement in general and in particular in a

1

disciplinary unit despite the absence of any disciplinary violation, as well as racial and religious slurs and insults, beatings, and other abuse. The allegations are not borderline; they strike at the *core constitutional prohibition against punishing an unconvicted person.* These allegations, based on excessive force, deliberate indifference to serious medical needs, and unconstitutional conditions of confinement, state claims under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments (or, at a minimum, the Due Process Clause applicable to detainees), as well the Americans with Disabilities Act, Federal Tort Claims Act, and the Religious Freedom Restoration Act of 1993.

Plaintiff is not required at this stage to prove duration, intent, or institutional policy. He must plead facts that plausibly suggest unconstitutional conduct. He has done so. Courts routinely hold that prolonged restraint and denial of medical care state cognizable constitutional claims sufficient to survive a motion to dismiss.

## II. Qualified Immunity Cannot Be Resolved at the Pleading Stage

Defendants' invocation of qualified immunity is premature. Qualified immunity protects officials only if their conduct did not violate a clearly established constitutional right. Pearson v. Callahan, 555 U.S. 223, 232 (2009).

It has been clearly established for decades that prolonged physical restraints without medical necessity or ongoing security justification, particularly when accompanied by denial of medical care, violate constitutional protections. See Hope v. Pelzer, 536 U.S. 730 (2002); Williams v. Benjamin, 77 F.3d 756 (4th Cir. 1996). At the pleading stage, qualified immunity cannot be resolved where Plaintiff plausibly alleges such violations and discovery is necessary to determine Defendants' knowledge and conduct.

The Court must determine whether (1) the facts alleged show a constitutional violation, and (2) whether the right was clearly established at the time. If both are satisfied, immunity does not apply. Owens v. Baltimore City State's Attorneys Office, 767 F.3d 379, 396 (4th Cir. 2014). It has long been clearly established that prolonged physical restraints without medical necessity, denial of prescribed medication, and punitive confinement without justification violate constitutional protections.

Plaintiff alleges that he was restrained for extended periods, denied medication for known conditions, and placed in disciplinary confinement without cause. Scinto v. Stansberry, 841 F.3d 219, 232–36 (4th Cir. 2016) (failure to provide prescribed medication to a detainee with known conditions defeats qualified immunity). Accepting those allegations as true, Defendants are not entitled to qualified immunity at this stage.

Moreover, qualified immunity is often inappropriate for resolution on a motion to dismiss where, as here, factual development is necessary to determine what Defendants knew, what authority they exercised, and whether their actions were objectively reasonable.

### III.     Defendants Misstate Facts Regarding Grievances and Institutional Knowledge

Defendants repeat the assertion that Plaintiff filed no grievances. That assertion is false. While incarcerated at FCI Petersburg, Plaintiff filed approximately seven or eight grievances during brief periods when he was not locked in the disciplinary unit known universally, by prisoners and staff alike, as "the Hole." Those grievances were ignored or never answered.

The issue only came to light when Plaintiff had a chance encounter with the warden, who told Plaintiff directly that he was not even aware that Plaintiff had been placed in four-point restraints, that "it shouldn't have happened," and he was "sorry" about it.

Defendants' argument that the warden possessed discretion to approve such restraints misses the point. Plaintiff is entitled to discovery to establish that the warden lacked actual knowledge of

3

the restraint procedure used on Plaintiff and therefore could not have exercised discretion. At the pleading stage, Plaintiff need only plausibly allege this failure of oversight, which he has done.

### IV. Plaintiff Was Not Violent and Did Not Present a Disciplinary Problem

Defendants' reply seemingly attempts to mischaracterize Plaintiff as a detainee who required discipline so whatever restraints he was subjected to were justified. Reply at pp. 8-9 & n.3. To the contrary, Plaintiff was not violent, did not break rules, and did not present a security threat. Instead, Plaintiff presented a known medical problem that went unaddressed and landed him in the Hole in a higher security facility.

Plaintiff repeatedly asked for medication for known medical and mental-health conditions that included a painful gall bladder condition and a hernia. Plaintiff's Response at pp.2-3. Those requests were denied.

Dr. Hack admitted that she had reviewed Plaintiff's medical records and was aware of his prior medical history. Medical records documented preexisting conditions and disabilities dating back at least to January 2020, well before incarceration. Plaintiff has stated his willingness to submit those records under seal with the Court's permission. Likewise, Plaintiff can also submit a recent Social Security Administration determination confirming that his disabilities predated incarceration.

Defendants' attempt to reframe this case as a behavioral issue contradicts the medical evidence and raises factual disputes that cannot be resolved on a motion to dismiss. Again, relevant evidence is in the prison files in the sole control of Defendants.

### V. Plaintiff Did Not "Improperly Amend" His Complaint

Defendants claim that Plaintiff "improperly amended" his complaint. Reply pp. 4-5, n. 2. This is incorrect. The only amendment Plaintiff made to his handwritten, pro se, form complaint was to add FCI Petersburg as a defendant. No substantive claims were altered or expanded.

Defendants assert that Plaintiff failed to allege how long he was restrained, why he was restrained, or what Defendants did to him while restrained. That assertion ignores Plaintiff's Response. Plaintiff explained that he was subjected to repeated four-point restraints, denied medication, and confined in the disciplinary unit without explanation. While Plaintiff described the manner and length of those periods of restraint in excruciating detail in his Response, the precise duration and institutional justification are reflected in prison records that are exclusively in Defendants' possession and can only be obtained through discovery. Dismissal for lack of specificity where the missing facts are controlled by Defendants is improper.

### VI.  Plaintiff Was Wrongfully Confined at FCI Petersburg After Charges Were Dismissed

Plaintiff was confined at FCI Petersburg for approximately four months after all underlying charges had been dismissed. He had already served three months in Loudoun County after being arrested by U.S. Marshals for an alleged probation violation for which he was ultimately not convicted because the basis of that charge was dismissed.

Despite the lack of conviction, Plaintiff was transferred to federal custody and held for an additional four months. Judge Hilton, the Presiding Judge, ignored that all charges had been dismissed and that Plaintiff should have been released.

When Plaintiff raised this again and again upon his arrival at intake, prison officials at Petersburg verified this with his probation officer. Those officials then repeatedly told Plaintiff, "We are working on it," confirming their own confusion about the basis for his detention.

What the basis was for his further four-month detention at Petersburg, if any, is unclear. Even if he had been convicted of the violation, he should have received credit for the three months served at Loudoun County. He did not.

Wrongful detention is not collateral or irrelevant—it is central context for Plaintiff's claims of abuse, mistreatment, and unconstitutional confinement.

It also raises questions relevant to a Section 1983 claim. To the extent that any of the named Defendants acted jointly with state or local law enforcement officers at Loudoun County, or under color of state law while carrying out the acts complained of, an alternative cause of action under 42 U.S.C. § 1983 for violation of his constitutional rights may lie. Again, the facts needed to prove such violation are solely within the control of the Defendants.

### VII. Defendants Rely on Erroneous References That Appear to Be From Another Case

Defendants repeatedly refer to an "Amended Complaint" and cite a "Benimana Decl., dkt. 26-1." Plaintiff has no idea what Defendants are referring to. Plaintiff did not file an amended complaint beyond adding the Petersburg facility as a defendant, and Plaintiff has seen no declaration by "Benimana" in this case.

These references appear to be copied from another case or are the result of careless drafting or AI hallucination. The Court should disregard any argument that relies on these erroneous references, as they are unsupported by the record and have no relevance to Plaintiff's claims.

### VIII. Defendants' Reply Confirms That Dismissal Before Discovery Is Improper

Defendants fault Plaintiff for not producing grievance logs, restraint records, medical decision-making documentation, or institutional approvals. All of that information is in Defendants' exclusive control. Plaintiff has not yet been afforded discovery.

Rule 12 is not a substitute for discovery, particularly in civil-rights cases alleging abuse in custodial settings. Defendants' reply highlights factual disputes and evidentiary gaps that can only be resolved through discovery, confirming that dismissal at this stage would be premature.

## CONCLUSION

Defendants' Reply misstates facts subject to verification through discovery, relies on erroneous references, and reasserts defenses that cannot be resolved at the pleading stage. Plaintiff has plausibly alleged constitutional violations supported by medical history and factual context that must be tested through discovery. Dismissal at this stage would be error. Accordingly, the Motion to Dismiss should be denied.

## RELIEF REQUESTED

Plaintiff respectfully requests that the Motion to Dismiss be denied in its entirety and incorporates by reference the relief requested in his Response in Opposition to Defendants' Motion to Dismiss.

If the Court determines that Plaintiff's pro se complaint requires further amendment, Plaintiff respectfully requests leave to amend and a reasonable opportunity to attempt to secure counsel to assist with amendment and further proceedings.

*This document was prepared using a generative artificial intelligence (AI) tool by OpenAI.*

Respectfully submitted,

TARIK JAAFAR
*Pro se*

_[signature]_ 01-26-2026

Tarik Jaafar
1726 Troy Street,
Apt. 767
Arlington, VA 22201

7

## CERTIFICATE OF SERVICE

I hereby certify that I served a copy of this pleading on the following:

Raul A. Ruiz
Assistant United States Attorney
United States Attorney's Office, Eastern District of Virginia
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
(703) 299-3853
Raul.Ruiz@usdoj.gov

On this 26 day of January, 2026.

Tarik Jaafar

8