IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| TARIK JAAFAR, *Plaintiff*, v. GREEN, *et al.*, *Defendants*. | 1:24-cv-01714-MSN-LRV |

**ORDER**

This matter comes before the Court on Defendants' Motion to Dismiss *pro se* Plaintiff Tarik Jaafar's Amended Complaint. ECF 25. For the reasons stated below, the Court will grant Defendants' Motion and dismiss Plaintiff's Amended Complaint.

## I. BACKGROUND

On September 27, 2024, Plaintiff filed a complaint against two lieutenants and two doctors at the Petersburg Federal Corrections Institution ("FCI Petersburg"), for allegedly torturing him while he was incarcerated. ECF 1 at 2, 4. After securing the ability to proceed *in forma pauperis* (ECF 14), Plaintiff filed an amended complaint adding FCI Petersburg as a defendant. ECF 15. Plaintiff's Amended Complaint states that, following his mistaken arrest, Lieutenant Green, Lieutenant Cross, Dr. Hack, Dr. Williams, and FCI Petersburg "tortured [him] on [a] restraint chair and on 4 points." ECF 15 at 4. Plaintiff claims that Defendants' actions left him with "serious medical and mental health damages" along with permanent disabilities and he demands $30 million in damages. *Id.*

Defendants Green, Williams, Cross, and FCI Petersburg now move to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). ECF 25.

## II. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges a court's subject matter jurisdiction over a suit. There are two types of Rule 12(b)(1) challenges. *See Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). First, a party may assert that a complaint fails to allege sufficient facts demonstrating the court's subject matter jurisdiction. *Id*. Second, a party may argue that, as a factual matter, a plaintiff cannot establish a jurisdictional basis for the suit. *Id.* "When a Rule 12(b)(1) motion challenge is raised to the factual basis for subject matter jurisdiction, the burden of proving subject matter jurisdiction is on the plaintiff," *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). In determining whether jurisdiction exists, a court may consider evidence outside the pleadings. *Id.* The moving party may only prevail "if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.*

A motion to dismiss under Rule 12(b)(6) tests the factual sufficiency of a complaint. Courts liberally construe *pro se* pleadings, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and, at the pleading stage, "must accept the factual allegations of the complaint as true and must view the complaint in the light most favorable to the plaintiff." *GE Inv. Priv. Placement Partners II v. Parker*, 247 F.3d 543, 548 (4th Cir. 2001). Nevertheless, to survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

## III. ANALYSIS

Plaintiff's Amended Complaint does not allege any specific cause of action; however, because Plaintiff seeks monetary damages from federal officers, the Court will construe the Amended Complaint as alleging claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671 – 2680, and under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971),

and its progeny. Defendants argue that, under either framework, dismissal is required. Specifically, Defendants argue that the Court lacks subject matter jurisdiction over Plaintiff's FTCA claim, and Plaintiff has failed to state a cognizable *Bivens* claim. The Court agrees and will dismiss the Amended Complaint.

**A. FTCA Claim**

First, Defendants claim that the Court lacks subject matter jurisdiction over Plaintiff's Amended Complaint to the extent that it asserts a claim under the FTCA because Plaintiff failed to exhaust his administrative remedies. ECF 26 at 7-9.

"As a sovereign, the United States is immune from all suits against it absent an express waiver of its immunity." *Estate of Van Emburg ex rel. Van Emburgh v. United States*, 95 F.4th 795, 800 (4th Cir. 2024) (quoting *Welch v. United States*, 409 F.3d 646, 650 (4th Cir. 2005)). "The FTCA provides a waiver of sovereign immunity for damages suits related to certain actions by federal employees that occur within the scope of their employment." *Id.* (citing 28 U.S.C. §§ 1346(b)(1), 2674).

To bring a claim under the FTCA, plaintiffs must comply with a number of jurisdictional prerequisites, including the requirement to exhaust administrative remedies. *Id.*; 28 U.S.C. § 2675. Under the FTCA's exhaustion provision, a plaintiff may not bring a claim in federal court unless they have given the appropriate federal agency written notice of an incident, along with a claim for money damages as a result of the incident, and the federal agency has denied the claim or failed to adjudicate it within six months. *See* 28 U.S.C. § 2675(a) – (b); 28 C.F.R. § 14.2(a); *see also Estate of Van Emburg*, 95 F.4th at 801. Absent administrative exhaustion, federal courts lack subject matter jurisdiction over an FTCA claim. *Brown v. United States*., No. 2:21-cv-69, 2021 WL 1876129, at *3 (E.D. Va. May 10, 2021), *aff'd*, No. 21-1666, 2022 WL 2901718 (4th Cir. July 22, 2022).

Defendants have submitted a declaration indicating that the Bureau of Prisons has no record of Plaintiff having filed an administrative tort claim, ECF 26-1 ¶ 5, and Plaintiff appears to admit that he did not exhaust his administrative remedies,[1] *see* ECF 34 at 6-7. Nevertheless, Plaintiff argues that this Court should waive his failure to exhaust because he was "physically and mentally incapable of pursuing administrative remedies at the time." ECF 34 at 6.

The Court cannot grant this request; "[i]t is well-settled that the requirement of filing an administrative claim is jurisdictional and may not be waived." *Henderson v. United States*, 785 F.2d 121, 123 (4th Cir. 1986). Because Plaintiff did not exhaust his administrative remedies under the FTCA, the Court must dismiss his claim under Rule 12(b)(1).

**B. *Bivens* Claim**

To the extent that Plaintiff's Amended Complaint asserts a *Bivens* claim, this claim must similarly be dismissed.

To begin with, a plaintiff may only bring a *Bivens* action against individual officers. *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 69-70 (2012) ("The purpose of *Bivens* is to deter individual federal officers from committing constitutional violations."). The Court must therefore dismiss Plaintiff's claim against FCI Petersburg as it is an institution, not an individual. *See id.* (explaining that federal prisoners may bring a *Bivens* claim against individual officers but may not bring a claim against the Bureau of Prisons); *see also Ruiz v. Fed. Bureau of Prisons*, 481 F. App'x 738, 740 (4th Cir. 2012) (same). As for the individual Defendants, the Court concludes that Plaintiff has failed to state a cognizable *Bivens* claim.

[1] In his surreply, Plaintiff backtracks on this admission and argues that he filed grievances with the Bureau of Prisons. ECF 44 at 3-4. Plaintiff, however, has provided no evidence of these grievances, nor has he shown that they constitute a written complaint and claim for monetary damages arising from the incident in his Amended Complaint that would be sufficient to meet 28 U.S.C. § 2675(a)'s requirements. Plaintiff's claim is thus insufficient to meet his burden to demonstrate subject matter jurisdiction. *See Richmond, Fredericksburg & Potomac R. Co.*, 945 F.2d at 768.

The Supreme Court has recognized implied causes of action in suits for money damages against federal officials in three limited circumstances. First, in *Bivens* itself, the Court held that the plaintiff had an implied cause of action under the Fourth Amendment to sue federal officials for money damages arising from an unreasonable search and seizure. 403 U.S. at 397. In *David v. Passman*, 442 U.S. 228 (1979), the Court allowed a claim for money damages made by a former congressional administrative assistant who alleged that her employer, a member of Congress, had terminated her because of sex, in violation of Fifth Amendment's Due Process Clause. Then in *Carlson v. Green*, 446 U.S. 14 (1980), the Court allowed a claim for money damages under the Eighth Amendment against federal prison officials who allegedly acted with deliberate indifference in failing to treat the plaintiff's asthma, leading to his death.

In the intervening years since *Carlson*, the tide has turned against *Bivens* actions. The Supreme Court has admonished that "expanding the *Bivens* remedy is now a disfavored judicial activity." *Ziglar v. Abbasi*, 582 U.S. 120, 135 (2017) (internal quotation marks omitted). And the Court has imposed a "highly restrictive analysis" for determining whether a *Bivens* remedy may apply. *Tate v. Harmon*, 54 F.4th 839, 844 (4th Cir. 2022). Courts must now assess a *Bivens* claim under a two-step analysis. *Egbert v. Boule*, 596 U.S. 482, 492 (2022). First, courts ask "whether the case presents 'a new *Bivens* context'—*i.e.*, is it 'meaningful[ly]' different from the three cases in which the Court has implied a damages action." *Id.* (quoting *Ziglar*, 582 U.S. at 139). "Second, if a claim arises in a new context, a *Bivens* remedy is unavailable if there are 'special factors' indicating that the Judiciary is at least arguably less equipped than Congress to 'weigh the costs and benefits of allowing a damages action to proceed.'" *Id.* (quoting *Ziglar*, 582 U.S. at 136). As to the first prong, courts have been "clearly warned to act with utmost hesitation when faced with actions that do not fall precisely under *Bivens*, *Davis*, or *Carlson*." *Tate*, 54 F.4th at 845.

Plaintiff's claim against the individual officers arises in a new context. While *Carlson* recognized a *Bivens* claim under the Eighth Amendment for deliberate indifference to a medical need, *see* 446 U.S. at 16 n.1, 20, Plaintiff here appears to allege an Eighth Amendment claim for excessive force.[2] The Supreme Court has confirmed that such claims do not fall under *Carlson*. *Goldey v. Fields*, 606 U.S. 942, 944 (2025) (per curium).

The Supreme Court has also instructed that "'special factors' counsel against recognizing an implied *Bivens* cause of action for Eighth Amendment excessive-force violations." *Id.* For instance, Congress has actively legislated in the area of prisoner litigation but has not enacted a statutory cause of action for money damages. *Id.* And an "alternative remedial structure already exists for aggrieved federal prisoners." *Id.* (internal quotation marks omitted).

Accordingly, the Court must dismiss Plaintiff's *Bivens* claim.

## IV. CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that Defendants' Motion to Dismiss (ECF 25) is GRANTED; it is further

ORDERED that Plaintiff's Amended Complaint is DISMISSED WITH PREJUDICE.

To appeal this decision, Plaintiff must file a written notice of appeal with the Clerk of Court within 30 days of the date of entry of this Memorandum Opinion and Order. A notice of appeal is a short statement indicating a desire to appeal, including the date of the order that Plaintiff wants

---

[2] Plaintiff's opposition brief (ECF 34) and surreply (ECF 44) include a variety of new factual allegations and substantive claims, including that Defendants failed to provide Plaintiff with adequate medical care. The Court does not consider these facts in its analysis and it will not address Plaintiff's additional claims. While courts must liberally construe *pro se* pleadings, "appearing pro se does not relieve plaintiffs of the obligation to comply with the Federal Rules of Civil Procedure," *Spanos v. Vick*, 576 F. Supp. 3d 361, 366 (E.D. Va. 2021), and it "is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss," *Guillen v. Esper*, No. 1:19-cv-1206-LMB-IDD, 2020 WL 3965007, at *2 (E.D. Va. July 13, 2020) (quoting *Marsh v. Va. Dep't of Transp.*, No. 6:14-cv-6, 2014 WL 6833927, at *8 (W.D. Va. Dec. 3, 2014)); *see also, e.g.*, *Robinson v. Dotson*, No. 3:24-cv-730, 2025 WL 2323939, at *3 n.4 (E.D. Va. Aug. 12, 2025) (rejecting a *pro se* plaintiff's attempt to introduce new facts through a response to a motion to dismiss).

to appeal. Plaintiff need not explain the grounds for appeal until so directed by the court of appeals. Failure to file a timely notice of appeal waives Plaintiff's right to appeal this decision.

The Clerk is directed to forward a copy of this Order to counsel of record and to Plaintiff Tarik Jaafar, *pro se*.

/s/
Michael S. Nachmanoff
United States District Judge

March 13, 2026
Alexandria, Virginia